Filed 12/16/25  P. v. Odisho CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063829 |
| v. | (Super. Ct. No. 21NF2285) |
| ALEN SABAH ODISHO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Julian W. Bailey, Judge. Affirmed.

Matthew Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, Randall D. Einhorn, and Jon S. Tangonan, Deputy Attorneys General, for Plaintiff and Respondent.

This appeal started as a standard *Wende* appeal that appointed counsel filed on behalf of defendant Alen Sabah Odisho. (See *People v. Wende* (1979) 25 Cal.3d 436.) After receiving additional briefing on whether the trial court correctly calculated Odisho's presentence credits, we ordered the court to conduct a hearing on that issue. At the hearing, the court modified Odisho's credits pursuant to the parties' stipulation. As so modified, we affirm the judgment.

PROCEDURAL BACKGROUND

In February 2022, Odisho pleaded guilty to unlawfully taking a vehicle, receiving stolen property, and possessing a controlled substance. He was placed on two years of probation.

The following year, Odisho violated the terms of his probation and was sentenced to two years in jail. The trial court awarded him credit for 331 days of actual custody, plus 331 days for good behavior, for a total of 662 days of presentence credit. Odisho filed this appeal.

In his notice of appeal, Odisho filed a Request for Certificate of Probable Cause based on the trial court's alleged failure to properly calculate his presentence credits. The trial court issued the certificate on February 29, 2024, two weeks before Odisho was scheduled to be released from jail.

On July 3, 2024, Odisho's court appointed attorney filed a *Wende* brief in which he declared he was unable to find any arguable issues to raise on Odisho's behalf. Per this court's usual practice, we then issued an order inviting Odisho to file a supplemental brief on his own behalf. However, the order was mailed to the outdated address listed in the order for appointment of counsel on appeal, and we did not receive a supplemental brief from Odisho.

Nonetheless, we vacated the submission order and directed the parties to file additional briefing on several issues, including whether there was sufficient evidence in the record on appeal to determine whether the trial court correctly calculated Odisho's presentence credits. Both sides agreed there was not. Respondent also argued this court lacked jurisdiction to consider Odisho's claim regarding presentence credits because he did not file a motion for correction in the trial court. (Pen. Code, § 1237.1 [a claim for additional presentence credits must be tendered to the trial court in the first instance].)

After giving the parties notice of our intention to do so, and receiving no objection, we construed Odisho's Request for Certificate of Probable Cause as a motion to correct his presentence credits pursuant to Penal Code section 1237.1. We also stayed the appeal and ordered the trial court to conduct a hearing to determine whether Odisho's presentence credits were correctly calculated.

At the October 2, 2025 hearing, defense counsel advised the trial court that, despite making several efforts to do so, he was unable to contact Odisho prior to the hearing. Nevertheless, based on information the prosecutor had obtained from the probation department, defense counsel said there was no dispute Odisho was entitled to 314 days of presentence custody credit, plus 314 days of conduct credit, for a total credit award of 628 days (34 fewer than he was originally granted). Therefore, pursuant to the parties' stipulation, the trial court modified Odisho's credits accordingly.

After the matter returned to this court, we ordered defense counsel to file a declaration describing the efforts he undertook to contact Odisho and secure his attendance at the hearing on his presentence credits. The declaration states counsel made several attempts to contact Odisho at

3

his last known address but was informed Odisho no longer lives there. With the assistance of an investigator, counsel also tried to contact Odisho by phone and email, to no avail. And counsel confirmed via the Orange County Sheriff Department's website that Odisho was not in local custody.

## DISCUSSION

"[I]t is the duty of the trial court to award the correct amount of credits." (*People v. Acosta* (1996) 48 Cal.App.4th 411, 428, fn. 9.) "A sentence that awards custody credits exceeding statutory limits is unauthorized, and may be corrected whenever the error is discovered." (*People v. Valenti* (2016) 243 Cal.App.4th 1140, 1184.) Such a correction "does not involve a discretionary sentencing choice but is a purely mathematical calculation." (*People v. Johnson* (2007) 150 Cal.App.4th 1467, 1485.)

Here, the trial court corrected Odisho's credits pursuant to the parties' stipulation, which was based on information supplied by the probation department. There is nothing in the record that causes us to question the reliability or accuracy of that information or the correctness of the trial court's credit modification. Furthermore, although Odisho was not personally present at the hearing on his credits, we are satisfied his attorney made reasonable efforts to secure his attendance. We thus discern no basis to disturb the judgment.

## DISPOSITION

As modified by the trial court's order of October 2, 2025, the judgment is affirmed. The trial court is ordered to prepare an amended abstract of judgment reflecting the amount of presentence credits it awarded Odisho that day.


GOODING, J.

WE CONCUR:


MOORE, ACTING P. J.


SCOTT, J.